IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY E. THOMASSON,
    Petitioner,

vs.                                          Case No.:  3:13cv480/MCR/EMT

MICHAEL CREWS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on a petition for writ of habeas corpus filed by Petitioner under 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition as impermissibly second or successive, pursuant to 28 U.S.C. § 2244(b) (doc. 14).  The court provided Petitioner an opportunity to respond to the motion to dismiss (*see* doc. 15), but he has not done so.

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the record before the court shows that the petition is subject to dismissal as an unauthorized "second or successive" habeas corpus application, and thus should be dismissed for lack of jurisdiction.

I.    BACKGROUND AND PROCEDURAL HISTORY

    Following a jury trial in 1987 in the Circuit Court in and for Okaloosa County, Florida, Petitioner was convicted of second degree murder and sentenced to life imprisonment (*see* doc. 1 at 1–2). In 1992, Petitioner sought federal habeas corpus relief under 28 U.S.C. § 2254 in the United States District Court for the Middle District of Florida, and the Middle District transferred the

petition to this court. *See* Thomasson v. Singletary, Case No. 3:92cv30395/RV/WCS, Petition (N.D. Fla. Oc. 16, 1992). The district court granted the petition and remanded the matter to the state court for a new trial (*see* doc. 1 at 5; doc. 14, attached Order). Respondent appealed the decision to the Eleventh Circuit Court of Appeals, Case No. 95-2189 (*see* doc. 1 at 5). On April 3, 1996, the Eleventh Circuit reversed the district court's judgment granting habeas relief, and remanded with directions to dismiss the petition on the merits (*see* doc. 1 at 5; doc. 14, attached opinion).

Petitioner filed the instant § 2254 petition on August 27, 2013 (doc. 1). He challenges the same state court judgment on the following grounds:

> Ground One: "Sentencing counsels were ineffective when they failed to contemporaneously object to the court imposing an aggravated departure sentence on Defendant without contemporaneously filing written reasons justifying the aggravated departure as required by State law."
>
> Ground Two: "Appellate counsel on direct appeal was ineffective for failure to raise and argue that it was reversible error for the sentencing court to impose an aggravated departure sentence of life on Thomasson without filing contemporaneous written reasons justifying the departure."

(doc. 1 at 1, 5–8).

II. ANALYSIS

Federal courts are courts of limited jurisdiction, and may only hear cases where authorized by the Constitution and by statute. *See* Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Section 2244 provides, in relevant part:

> **(a)** No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.
>
> **(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—

> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> **(3)(A)** <u>Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application</u>.

28 U.S.C. § 2244 (emphasis added). A district court lacks the jurisdiction to hear a second or successive § 2254 petition absent authorization from a Court of Appeals. 28 U.S.C. § 2244(b)(3)(A).

Petitioner does not dispute that the instant petition challenges the legality of the same state court judgment that was the subject of his first § 2254 action filed in 1992. He does not present any argument that the instant petition does not qualify as a "second or successive" petition. Instead, he argues that this court is not precluded from considering his admittedly untimely § 2254 petition, which raises admittedly procedurally defaulted claims, pursuant to <u>Martinez v. Ryan</u>, — U.S. —, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012) and <u>Trevino v. Thaler</u>, — U.S. —, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013) (doc. 1 at 5–8; doc. 2).[1] He contends he received ineffective assistance of post-conviction counsel in his initial collateral review proceeding in state court, which constitutes

---

[1] In <u>Martinez</u>, the Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S. Ct. at 1320. In <u>Trevino</u>, the Supreme Court extended <u>Martinez</u>'s rule to cases where state law technically permits ineffective-assistance-of-trial-counsel claims on direct appeal but state procedures, as a practical matter, make it "virtually impossible" to actually raise such claims on direct appeal. 133 S. Ct. at 1918–21; *see also id.* at 1915 (extending <u>Martinez</u>'s holding to those state systems that, in actual operation, make it "virtually impossible" for an ineffective-assistance-of-trial-counsel claim to be presented on direct review).

Case No.: 3:13cv480/MCR/EMT

cause for his procedural default of Ground One (*id.*).  As to Ground Two, he contends the state courts did not appoint post-conviction counsel in time for him to file a timely petition alleging ineffective assistance of appellate counsel in the state courts (*see id.*).

Although the fact that a petition is filed second in time does not necessarily mean that it is successive, AEDPA's purposes "to further the principles of comity, finality, and federalism" must be considered when evaluating whether a successive petition is subject to dismissal.  Panetti v. Quarterman, 551 U.S. 930, 945,127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007) (quotation omitted).  The Supreme Court has made an exception to the AEDPA's bar on successive claims when it would require unripe claims to be raised as a mere formality.  For example, in Panetti, the Supreme Court recognized that a claim of incompetency under Ford v. Wainwright, 477 U.S. 399, 106 S. Ct. 2595, 91 L. Ed. 2d 335 (1986),[2] was not successive, because the claim was not ripe until the petitioner's execution was scheduled.  The Supreme Court explained, "[i]nstructing prisoners to file premature claims, particularly when many of these claims will not be colorable even at a later date, does not conserve judicial resources, "reduc[e] piecemeal litigation," or "streamlin[e] federal habeas proceedings."  Panetti, 551 U.S. at 946 (quoting Burton v. Stewart, 549 U.S. 147, 154, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (per curiam) (internal quotation marks omitted)); *see also* Stewart v. Martinez–Villareal, 523 U.S. 637, 643–44, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (petitioner's Ford claim that he is not competent to be executed should not be treated as a "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011) ("Because the basis for his Johnson [v. United States, 544 U.S. 295, 125 S. Ct. 1571, 161 L. Ed. 2d 542 (2005)] claim did not exist before his proceedings on his initial § 2255 motion concluded, Stewart's numerically second motion is not "second or successive," and § 2255(h)'s gatekeeping provision does not apply. . . . Stewart's situation falls within what the Fifth Circuit recognized is a small subset of unavailable claims that must not be categorized as successive.").  The Eleventh Circuit has been careful to limit the Supreme

---

[2] In Ford, the Supreme Court held for the first time that "the Eighth Amendment prohibits a State from carrying out a sentence of death upon a prisoner who is insane," and it outlined procedural safeguards to enforce that constitutional prohibition.  477 U.S. at 409–10.

Court's holding in Panetti. *See* Tompkins v. Sec'y Dep't of Corr., 557 F.3d 1257, 1259 (11th Cir. 2009) (per curiam). In Tompkins, the Eleventh Circuit noted that claims regarding constitutional violations occurring at trial or sentencing are ripe for inclusion in a first habeas petition, and nothing in Panetti changed that. *Id.* at 1260.

Here, Petitioner's claims were ripe when he filed his first habeas petition in 1992. At that time, he knew that defense counsel had not objected to the sentencing court's failure to file written reasons for imposing an upward departure sentence in 1987; and he knew that his appellate counsel had not raised the alleged sentencing error on direct appeal. Because Petitioner could have raised his claims of ineffective assistance of trial counsel and appellate counsel in 1992, his second § 2254 petition raising those claims is a "second or successive" petition.

Petitioner does not allege he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing the instant § 2254 petition. His failure to obtain permission from the Eleventh Circuit prior to filing the instant petition operates as a jurisdictional bar that precludes this district court's consideration of the merits of the petition. *See* 28 U.S.C. § 2244(b)(3)(A); Fugate v. Dep't of Corrections, 310 F.3d 1287, 1288 (11th Cir. 2002). Therefore, the petition should be dismissed for lack of jurisdiction.

III. CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is

an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (doc. 14) be **GRANTED**.

2. That Petitioner's habeas petition (doc. 1) be **DISMISSED for lack of jurisdiction**, pursuant to 28 U.S.C. § 2244(b).

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 21st day of May 2014.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).